```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
KAREEM NISBETT,                                                :
                                                               :
                              Plaintiff,                       :
                                                               :          21-cv-6218 (LJL)
              -v-                                              :
                                                               :             ORDER
CHUBBY SNACKS INC,                                             :
                                                               :
                              Defendant.                       :
                                                               :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/01/2021

LEWIS J. LIMAN, United States District Judge:

      Before the Court is a letter motion by Plaintiff requesting (i) an extension of time under Federal Rule of Civil Procedure 4(m) to serve the Defendant, and (ii) a 45-day adjournment of the Initial Pretrial Conference currently scheduled for November 4, 2021 for 45 days. Dkt. No. 8. The Court grants both requests.

      This website accessibility case was filed on July 21, 2021. Dkt. No. 1. Plaintiff brings claims under the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law. *Id.* Summons in this case was issued on July 22, 2021. Dkt. No. 4. Plaintiff has not yet served Defendant. On November 1, 2021, Plaintiff requested an extension of time to serve Defendant. Dkt. No. 8. Plaintiff's letter motion states: "Since filing the July 21, 2021 Complaint (Dkt. 1), we have attempted to serve the Defendant three times, including at two separate addresses in California found on Defendant's website, and at Defendant's Registered Agent, with the last attempt occurring in early October. None of our attempts at service were successful, as all of the address [sic] publicly available appear to be incorrect." *Id.* at 1. Plaintiff "intend[s] to proceed with substituted service but the 90-day deadline to serve the Defendant has since expired under Rule 4(m)." *Id.* Accordingly, Plaintiff requests a 30-day extension to serve Defendant "as good cause exists for this extension." *Id.* (citing *Maitland v. Lunn*, 2017 U.S. Dist. Lexis 40467, at *16 (E.D.N.Y. Mar. 21, 2017)).

      Under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In determining whether there is good cause for an extension, "[t]he court looks to whether the plaintiff was diligent in making reasonable efforts to effect service, including but not limited to whether plaintiff moved under [Rule] 6(b) for an extension of time in which to serve the defendant." *Dickerson v. Chertoff*, 2008 WL 5329312, at *1 (S.D.N.Y. Dec. 17, 2018) (internal quotation marks omitted), *aff'd sub. nom. Dickerson v. Napolitano*, 604 F.3d 732 (2d Cir. 2010). "The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant," *id.*, and "[g]ood cause or 'excusable neglect,' is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control," *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003).

Plaintiff has carried the burden to establish good cause here. Plaintiff's letter motion indicates that Plaintiff was diligent in making reasonable efforts to effect service, and that these efforts failed due to circumstances beyond Plaintiff's control. Plaintiff's request for an extension of time to serve Defendant is GRANTED. Plaintiff will have thirty (30) days from entry of this Order to effect service and file proof of service with the Court.

The Initial Pretrial Conference by telephone is also rescheduled to December 16, 2021 at 3:00 p.m. Parties are directed to dial into the Court's teleconference number at 888-251-2909, access code 2123101, and follow the necessary prompts. Parties are reminded to jointly submit, by one week prior to the conference, a proposed Case Management Plan and Scheduling Order consistent with the Court's individual practices.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 8.

SO ORDERED.

Dated: November 1, 2021
New York, New York

LEWIS J. LIMAN
United States District Judge